**Opinion filed April 4, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00316-CR

_____

## EDGAR ORTIZ MARQUEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**

**Ector County, Texas**

**Trial Court Cause No. 09-1814**

## M E M O R A N D U M   O P I N I O N

Edgar Ortiz Marquez appeals from the denial of his petition for writ of habeas corpus. He seeks relief pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010). Based upon recent case law determining that *Padilla* does not apply retroactively, we must affirm. *Chaidez v. United States*, 133 S. Ct. 1103 (2013); *Ex parte De Los Reyes*, No. PD-1457-11, 2013 WL 1136517 (Tex. Crim. App. March 20, 2013).[1]

After Marquez was detained without bond for deportation proceedings, which stemmed from two misdemeanor convictions for possession of marihuana, he filed a petition for writ of

---

[1]We note that Marquez did not have the benefit of these decisions when he filed his petition below or his brief in this court.

habeas corpus pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2005). Marquez requested that his 2009 guilty plea be withdrawn and that his conviction thereon—for the class B misdemeanor of possession of marihuana—be vacated because his trial counsel had not warned him of the deportation consequences resulting from his guilty plea, thereby rendering his trial counsel ineffective and his plea involuntary. *See Padilla*, 559 U.S. 356. In an affidavit attached to his petition, Marquez swore that trial counsel did not inform him of the deportation consequences of his guilty plea and that he would not have pleaded guilty if his trial counsel had properly informed him of such consequences. Marquez's petition indicates that he is a citizen of Mexico; that he has lived in the United States since he was six years old; that he was twenty-five years old at the time of the petition; that he has been a legal permanent resident of the United States since 2002; that his family members reside here, not in Mexico; that his wife, children, and grandfather are citizens of the United States; and that his mother is a legal permanent resident.

In this appeal, Marquez presents two points of error. In the first point of error, he complains that the habeas court erred in conducting the habeas hearing in the absence of Marquez and his counsel, who did not receive notice of the hearing. In the second point of error, Marquez asserts that the trial court erred by denying the relief requested in the habeas corpus application. The record does not reveal that the habeas court erred in hearing Marquez's case as scheduled despite habeas counsel's absence. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.09, 11.10 (West 2005); *Ex parte Oliver*, No. 05-09-00611-CR, 2009 WL 3210710, at *2 (Tex. App.—Dallas Sept. 21, 2009, pet. ref'd) ("Article 11.09 does not require either that a trial judge conduct a hearing or that the judge make written findings of fact and conclusions of law when ruling on an application for writ of habeas corpus brought under that section.").

Furthermore, the habeas court did not abuse its discretion in denying the relief requested by Marquez. Marquez sought relief pursuant to *Padilla*, which requires defense counsel to advise a defendant about the specific risk of deportation arising from the defendant's guilty plea. Both the Supreme Court and the Texas Court of Criminal Appeals have recently held that *Padilla* does not apply retroactively. *Chaidez*, 133 S. Ct. 1103; *De Los Reyes*, 2013 WL 1136517. These courts held that *Padilla* imposed a new rule of constitutional criminal procedure and that a defendant whose conviction was already final at the time *Padilla* was handed down may not benefit from that decision in a habeas proceeding. *De Los Reyes*, 2013 WL 1136517, at

2

*3. *Padilla* was handed down on March 31, 2010. Marquez was sentenced on August 21, 2009, for his second misdemeanor conviction for possession of marihuana. Marquez did not file a motion for new trial or notice of appeal; therefore, the conviction became final on October 5, 2009, forty-five days after his August 21, 2009 sentencing. *See* TEX. R. APP. P. 26.2, 26.3. Because the conviction that Marquez challenged in his habeas application became final prior to March 31, 2010, and because Marquez relied upon the rule announced in *Padilla*, we hold that the trial court did not abuse its discretion in denying Marquez's petition for writ of habeas corpus. We overrule both of Marquez's points of error.

The order of the trial court is affirmed.


TERRY McCALL

JUSTICE


April 4, 2013

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.